IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 11, 2005 Session

**CHRISTINE V. JONES v. CULLEN A. RAY**

**Appeal from the Circuit Court for Davidson County**
**No. 03C-1640     Barbara N. Haynes, Judge**

_____

**No. M2004-02629-COA-R3-CV - Filed December 13, 2005**

_____

The plaintiff and the defendant were riding double on a motorcycle with the defendant in front. The parties were proceeding south on the Natchez Trace Parkway in Williamson County when a deer came from the left and struck the side of the motorcycle, causing the plaintiff to sustain multiple fractures of her left leg. The plaintiff's uninsured motorist carrier, who was served with process in the case, moved for summary judgment with respect to the plaintiff's suit. The trial court granted summary judgment and dismissed the suit. The plaintiff appeals, arguing that there are genuine issues of material fact which preclude summary judgment. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and SHARON G. LEE, J., joined.

Larry L. Roberts and Rebecca C. Kaman, Nashville, Tennessee, for the appellant, Christine V. Jones.

James H. Drescher, Nashville, Tennessee, for the appellee, Cullen A. Ray.

Todd A. Bricker, Nashville, Tennessee, for the appellee, Horace Mann Insurance Company.

**OPINION**

I.

On July 21, 2002, the plaintiff and the defendant decided to take a motorcycle ride on the scenic Natchez Trace Parkway. The plaintiff was positioned behind the defendant on the back of the motorcycle. Approximately one and a half hours into the drive at around 6:44 p.m., a deer ran into the left side of the motorcycle.

The plaintiff filed suit against the defendant, alleging his negligence "in being inattentive to his driving; in failing to keep a proper lookout [sic] on the roadway ahead; in failing to watch for deer when, in fact, there [sic] presence is designated by warning signs; in traveling at a speed which was excessive under the conditions; in failing to take proper evasive action to avoid an animal collision; [and] in failing timely to apply the brakes on the motorcycle he was driving . . . ." The plaintiff also caused process to be served upon Horace Mann Insurance Company, her uninsured motorist carrier. The defendant and the uninsured motorist carrier filed answers denying the plaintiff's *allegations* of negligence and liability. After depositions were taken, the plaintiff's uninsured motorist carrier filed a motion for summary judgment, asserting that no genuine issues of material fact existed with respect to the plaintiff's cause of action and that it was entitled to judgment as a matter of law. Following a hearing, the trial court granted summary judgment, simply stating that the motion was "well taken."[1] The plaintiff appeals, asserting that the trial court erred in granting summary judgment because genuine issues of material fact still remain to be decided by a jury.

II.

Our standard of review of a grant of summary judgment involves only a question of law, with no presumption of correctness as to the trial court's decision. ***Robinson v. Omer***, 952 S.W.2d 423, 426 (Tenn. 1997); ***Byrd v. Hall***, 847 S.W.2d 208, 210 (Tenn. 1993). We must decide anew "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04; *see* **Staples *v. CBL & Assoc., Inc.***, 15 S.W.3d 83, 88 (Tenn. 2000).

A successful negligence claim requires the establishment of the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) a resulting injury or loss; (4) cause in fact; and (5) proximate cause. ***McClung v. Delta Square Ltd. P'ship***, 937 S.W.2d 891, 894 (Tenn. 1996). The driver of a vehicle has the duty to keep a reasonably careful lookout for potential hazards on the roadway. *See **Van Sickel v. Howard***, 882 S.W.2d 794, 798 (Tenn. Ct. App. 1994) (quoting ***Nash-Wilson Funeral Home, Inc. v. Greer***, 417 S.W.2d 562, 565 (Tenn. Ct. App. 1966)). Though questions regarding breach of duty and causation are ordinarily questions of fact for the jury, "these questions may be decided at the summary judgment stage if the evidence is uncontroverted and if the facts and the inferences drawn reasonably from the facts permit reasonable persons to draw only one conclusion." ***Rains v. Bend of the River***, 124 S.W.3d 580, 588 (Tenn. Ct. App. 2003) (citations omitted).

---

[1]The trial court entered an order dismissing the plaintiff's suit as to the uninsured motorist carrier. At a later time, the trial court entered an amended order dismissing both the uninsured motorist carrier and the individual defendant.

III.

We hold that the following undisputed facts – as provided by way of the sworn testimony of the plaintiff, the defendant, and the law enforcement officer who responded to the accident – can only lead to one reasonable conclusion: the defendant did not breach his duty of reasonable care to the plaintiff.

The defendant, who is an experienced motorcycle rider, had driven on the Parkway on several previous occasions. The portion of the Parkway where the collision occurred has a maximum speed limit of 50 miles per hour. The plaintiff acknowledged that, when she observed the motorcycle's odometer, the defendant was within the 50-mile per hour speed limit. The landscape of the area is rural and wooded with a tree line approximately 100 feet to the left of the roadway.

According to the officer's testimony, deer "run wild" in the area, are often seen along the Parkway, and are often hit on the Parkway. Both the plaintiff and the defendant testified that, during the course of their drive down the Parkway, they had seen at least one deer off to the side of the road. They also testified that they did not see the deer that ran into the motorcycle prior to the collision.[2] The defendant did not drive his motorcycle "inappropriately or dangerously" on July 21, 2002. The most significant testimony on this point was given by the plaintiff herself:

> Q: At any point, once the two of you started traveling on the Natchez Trace Parkway, did you feel that [the defendant] was driving inappropriately or dangerously?
>
> A: No.

The plaintiff and the law enforcement officer further testified that the defendant showed skill in controlling the motorcycle after it was hit by the deer. He was able to keep the motorcycle upright and avoid crashing. After the collision, the defendant pulled the motorcycle over to the side of the road, carried the plaintiff to a grassy area, called 911, and waited with the plaintiff until an ambulance arrived.

The plaintiff contends that disputed issues of material fact exist because, given the locality of the area in which the collision occurred and the "foreseeable" nature of the collision, a jury could reasonably conclude that the defendant breached his duty of care by not paying adequate attention to the road ahead and by not avoiding the collision. To support this assertion, the plaintiff first points to the fact that the collision occurred on a straight portion of the Natchez Trace Parkway, suggesting that the defendant's vision was not impaired to his front or to his left. The plaintiff also attempts to suggest that the location of the tree line establishes that the deer had to first traverse 100 feet of clear area before hitting the side of the motorcycle. She asserts that these facts regarding the surrounding terrain support the inference that, had the defendant been properly paying attention, he

---

[2]The deer was killed as a result of the accident.

would have seen the deer prior to the collision and could have avoided the accident. We do not agree that such an inference is supported by the facts in this case. The plaintiff assumes that, prior to the collision, the deer was located somewhere between the tree line and the roadway and visible to the defendant; but neither the plaintiff nor the defendant saw the deer before the collision and neither knows exactly where the deer came from. It is possible that the deer was lying on the ground next to the road or otherwise out of sight. There are no facts in the record with respect to where the deer was before it struck the side of the defendant's motorcycle; thus, a jury could not properly infer, without first speculating as to the deer's whereabouts, that a reasonable person in the defendant's position should have seen the deer. Such speculation by the jury is not permissible.

The plaintiff also contends that the trial court's grant of summary judgment was improper because the collision between the motorcycle and the deer was foreseeable. The jury, so the plaintiff's argument goes, could therefore reasonably conclude that the defendant's failure to anticipate and avoid the collision was a breach of duty that proximately caused the plaintiff's injury. To support her assertion that the collision was foreseeable, the plaintiff points to the prevalence of deer in the area, the evidence establishing that deer are more prevalent in the morning and around dusk, the fact that both the plaintiff and the defendant had seen other deer during the drive, and the defendant's acknowledgment that he was aware that, in rural areas, deer frequently run into the roadway. Even if we assume *arguendo* that a collision with a deer on the Natchez Trace Parkway at approximately 6:44 p.m. was a foreseeable risk, the plaintiff has still failed to establish that the defendant breached his duty of reasonable care by failing to properly pay attention. The evidence simply could not lead a jury to reasonably infer, without speculating, that a reasonable person under the same circumstances should have seen the deer and avoided the collision since there is no evidence of where the deer came from, how it got there, and, hence, whether it was ever in the defendant driver's reasonable line of sight.

## IV.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Christine V. Jones. This case is remanded to the trial court for the collection of costs assessed below, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE